IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK ADAM VERDIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL MILLER, Warden, )<br>)<br>Respondent. ) | Case No. CIV-23-812-SLP |

## O R D E R

Petitioner Rick Adam Verdin, a state prisoner appearing with counsel, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. [Doc. No. 1]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green. The Magistrate Judge issued a Report and Recommendation (R&R) [Doc. No. 24] recommending denial on all grounds. Petitioner timely filed an Objection [Doc. No. 25] to the R&R. Thus, the Court must make a de novo determination of those aspects of the R&R to which Petitioner objects, and the Court may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[1] Review of all other issues addressed by the Magistrate Judge are waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] Respondent did not file a response to Petitioner's objection. *See* Fed. R. Civ. P. 72(b)(2) (permitting a party to respond to another party's objections within 14 days).

I.   **Background**

In 2021, following a two-day trial, a jury in Comanche County, Oklahoma found Petitioner guilty of first degree rape (Count One), assault with a deadly weapon (Count Three), performing a lewd act in the presence of a minor (Count Four), child abuse (Count Five), kidnapping (Count Six), assault with a deadly weapon (Counts Eight and Nine), kidnapping (Counts Ten through Twelve), and possession of a firearm after former felony conviction (Count Thirteen).[2] The jury acquitted Petitioner of rape by instrumentation (Count Two) and domestic assault and battery resulting in great bodily harm (Count Seven). Petitioner appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his judgment and sentence.

Petitioner brings two grounds for federal habeas relief. *See* Pet. [Doc. No. 1]. First, Petitioner alleges his constitutional rights to due process and a fair trial were violated by the OCCA's application of Oklahoma law's prohibition against multiple punishments arising from the same conduct. [Doc. No. 10] at 13–18.[3] Second, Petitioner alleges prosecutorial misconduct—in the form of improperly eliciting the sympathy of the jury and vouching for the credibility of the State's witnesses—rendered Petitioner's trial fundamentally unfair in violation of his federal due process rights. *Id.* at 18–26.

---

[2] Petitioner does not object to the R&R's detailed recitation of the facts, so the Court does not repeat them here.

[3] Citations to the parties' briefing references the CM/ECF pagination.

## II.    Objection to the R&R

The Magistrate Judge recommends denial of the Petition. [Doc. No. 24]. Petitioner timely objected to the R&R on two grounds. *See* [Doc. No. 25]. First, Petitioner argues "the Magistrate was incorrect in her determination that the state court ruling was not arbitrary and capricious" as to the applicability of Okla. Stat. tit. 21, § 11. *See* [Doc. No. 25] at 3. Second, Petitioner contends the "Magistrate did not consider whether the OCCA conducted the contextual review of the alleged instances of prosecutorial misconduct . . . [l]ikewise, the Magistrate did not engage in the contextual examination of the entire proceeding required by *Donnelly* and its progeny." *Id.* at 5–6. Upon de novo review of the issues objected to by Petitioner, the Court agrees with the Magistrate Judge's findings and conclusions, as set forth below.

### A.  The OCCA's Application of Okla. Stat. tit. 21, § 11.

At the outset, the Court notes Respondent's argument that Petitioner failed to exhaust this claim before the OCCA as the substance of the federal claim was not "fairly presented" to the OCCA. *See* Resp. Br. [Doc. No. 18]; *see also* Appellant Br. [Doc. No. 18-2] at 10–11 (Petitioner explicitly choosing *not* to raise a federal double jeopardy claim before the OCCA); *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A claim has been exhausted when it has been 'fairly presented' to the state court . . . 'Fair presentation' means that the petitioner has raised the "substance" of the federal claim in state court.") (citations omitted). The Court agrees this argument appears to be unexhausted. *See Walker v. Patton*, 671 F. App'x 703, 704 (10th Cir. 2016) ("We have carefully examined [the petitioner's] arguments in the OCCA and find that they were limited to whether he received

multiple punishments for the same crime in violation of the Oklahoma statute—not the Double Jeopardy Clause of the United States Constitution. He therefore failed to exhaust his remedies.").

Rather than address this argument, however, the Magistrate Judge chose to bypass the procedural arguments to review the claim de novo on the merits. [Doc. No. 24] at 9, n.3] (citing *Revilla v. Gibson*, 283 F.3d 1203, 1211 (10th Cir. 2002) ("We therefore invoke our discretion to bypass complex issues of exhaustion and procedural bar to reject the claim on the merits . . . .") (internal citations omitted)); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Mars v. White*, No. 24-6038, 2025 WL 702813, at *2 (10th Cir. Mar. 5, 2025) ("[A] court may ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit."); *Brown v. Sirmons*, 515 F.3d 1072, 1092–93 (10th Cir. 2008) ("[In the interest of efficiency, we have held that we can avoid deciding procedural bar questions where claims can readily be dismissed on the merits.") (internal citations and quotations omitted). Neither party objected to this choice of analysis, so the Court similarly reviews the claim's merits de novo given that there is no state court adjudication to which Section 2254(d) applies. *See Bland*, 459 F.3d at 1010 ("The § 2254(d) standard does not apply to issues not decided on the merits by the state court."); *see also Fontenot v. Crow*, 4 F.4th 982, 1061 (10th Cir. 2021) (discussing circumstances that support de novo review in habeas proceedings); *Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 898 (10th Cir. 2019) ("Claims that the state court didn't adjudicate on the merits,

4

we review de novo."). Thus, this Court reviews whether the OCCA's application of Okla. Stat. tit. 28, § 11 constituted an independent due process violation. *See Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024) ("[I]n rare circumstances, a determination of state law can be so arbitrary or capricious as to constitute an independent due process violation.").

Petitioner's first objection to the R&R challenges the Magistrate Judge's conclusion that the OCCA's application of Okla. Stat. tit. 21, § 11 was not arbitrary or capricious. [Doc. 25] at 3 ("The Magistrate correctly acknowledged that a federal Due Process violation could occur due to misapplication of state law . . . However, [Petitioner] respectfully contends the Magistrate was incorrect in her determination that the state court ruling was not arbitrary and capricious."). But Petitioner does not cite to any additional legal authority in his Objection to support his claim that the OCCA's ruling was arbitrary and capricious. *See generally*, [Doc. No. 25]. Further, Petitioner does not present any new arguments or record citations that were not already presented to and analyzed by the Magistrate Judge—in fact, Petitioner's Objection repeatedly cites to and incorporates arguments directly from his Brief in Support. *See, e.g.*, Pet.'s Obj. [Doc. No. 25] at 3–4. Petitioner's conclusory statement that the OCCA's "decision was unreasonable as to the law and facts" followed by a citation to his Brief in Support does not constitute a proper objection and is necessarily nonresponsive to the R&R. As such, the Court is not required to consider this objection. *See Hooper v. Stitt*, No. CIV-22-988-D, 2023 WL 2432038, at *1 (W.D. Okla. Mar. 9, 2023) ("In his objection, Plaintiff generally ignores Judge Erwin's analysis and repeats, verbatim, many of the arguments previously presented in his

complaint. . . . Plaintiff's failure to identify any specific error in Judge Erwin's analysis prevents further review."), *aff'd*, No. 23-6049, 2023 WL 5923920 (10th Cir. Sept. 12, 2023).

Even so, the Court agrees with the conclusions in the R&R. Petitioner argues that because "there was no additional evidence to support his convictions for kidnapping apart from the evidence utilized by the state to secure the convictions for the child abuse and assault with a deadly weapon offenses," the OCCA's ruling was "unreasonable, or otherwise arbitrary and capricious, in that there was no additional conduct on the part of [Petitioner] to constitute the kidnapping alleged in Counts 10 and 11, apart from the evidence underlying his convictions for Counts 5, 8, and 9." [Doc. No. 25] at 2–3.

The Court disagrees. Reviewing for plain error,[4] the OCCA reasoned that while the crimes of child abuse, assault with a deadly weapon, and kidnapping were related, "the kidnapping crimes in Counts 10 and 11 involved separate victims and were separate, distinct acts that required dissimilar proof." [Doc. No. 18-1] at 4–5. The OCCA noted, "[t]hat the fear of *additional* abuse and threats with the rifle played some role in the children's decision not to run away, that sort of overlap does not make the kidnapping crimes indistinct from the actual abuse and assaults, i.e., part of a single act." *Id.*

The OCCA's conclusions are supported both in law and by the evidence presented in trial. As set forth in the R&R, Oklahoma law requires different factual elements of proof

---

[4] Because Petitioner did not object at trial on the grounds of Oklahoma's prohibition against multiple punishments arising out of the same conduct under Okla. Stat. tit. 21, § 11, the OCCA reviewed Petitioner's claim for plain error. [Doc. No. 18-1] at 2.

6

for the crimes of child abuse, assault with a deadly weapon, and kidnapping. *See* [Doc. No. 24] at 12, n.4. Although these crimes may be "tangentially related," that does not necessarily rise to a Section 11 violation. *See Dennis v. Poppel*, 222 F.3d 1245, 1257-58 (10th Cir. 2000) ("While these two acts or offenses may have occurred during a continuing course of conduct . . . the two acts are, at most, only tangentially related and thereby insufficient to cause a § 11 violation . . . . Because § 11 does not apply, we also reject his claim that the state's failure to apply § 11 violated his due process and equal protection rights."). Further, Petitioner's Objection points to testimony cited in his Brief in Support, but that testimony reveals the children were indeed afraid of additional, and possibly more severe, violence if they were to leave. *See* [Doc. No. 25] at 4 (citing [Doc. No. 10] at 15–18). The OCCA reasonably concluded that this fear of additional abuse towards them, their mother, or their siblings were separate and distinct from the abuse and assault with a deadly weapon that "were complete the moment the blows landed and the threats were made." [Doc. No. 18-1] at 4–5.

Accordingly, the OCCA's ruling as to Okla. Stat. tit. 21, § 11 was reasoned and was not "so arbitrary or capricious" that it amounts to a due process violation or "shocks the judicial conscious." *Aycox*, 196 F.3d at 1180.

### B. Prosecutorial Misconduct

Petitioner objects to the R&R on the basis that he claims the Magistrate Judge did not consider whether the OCCA conducted a "contextual review of the alleged instances of prosecutorial misconduct." [Doc. No. 25] at 5. Petitioner further claims the Magistrate Judge similarly did not engage in a contextual review. *Id.* at 6. Specifically, Petitioner

7

argues that the challenged statements "occurred against the backdrop of somewhat conflicting and extraordinary allegations, as demonstrated by [Petitioner's] acquittals as to Counts 2 and 7." *Id.* at 5. But Petitioner provides no detail, explanation, or citation as to the purported "conflicting and extraordinary allegations" to which he refers.

"The review of a § 2254 petition from a state prisoner is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." *Tryon v. Quick*, 81 F.4th 1110, 1140 (10th Cir. 2023) (internal quotation marks and citation omitted). According to the AEDPA, this Court must defer to the OCCA's adjudication unless it "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The clearly established law governing claims of prosecutorial misconduct at the habeas stage is "'the narrow one of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 642 (1974)). To establish a constitutional violation, "[i]t is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Id.* Instead, "[t]he relevant question is whether the prosecutors' improper comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. (quoting *Donnelly,* 416 U.S. at 643). Factors the court may consider include: "whether the comments were 'invited by' or 'responsive' to defense arguments; whether curative instructions were given to the jury; and the weight of the evidence." *Id*. Critical to this analysis, the Supreme Court has noted that "the *Darden* standard is a very general one,

leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations.'" *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

A review of the OCCA's ruling and the R&R demonstrate that both courts considered the complained-of conduct in context of the proceedings. The OCCA's ruling acknowledged this requirement, stating: "We evaluate claims of prosecutorial error 'within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel.' *Lee v. State*, 2018 OK CR 14, ¶ 6, 422 P.3d 782, 785." [Doc. 18-2] at 6. In its review for plain error,[5] the OCCA concluded the prosecutor's closing arguments were not improper "as the prosecutor's argument was based on the evidence presented." *Id.* at 7. The OCCA further held that no improper vouching occurred when the prosecutor elicited testimony and made closing arguments referencing the witnesses' consistency in their statements. *Id.*

Similarly, the R&R clearly demonstrates that the Magistrate Judge reviewed the challenged statements in context of the entire proceedings. Indeed, the Magistrate Judge's R&R explicitly states, "*[b]ased on the overall record*, the OCCA's decision that Detective Malloy's testimony and the prosecutor's statements during his second closing argument did not constitute vouching or bolstering is reasonable." [Doc. No. 24] at 17 (emphasis added). Moreover, in analyzing the claim regarding improper vouching, the Magistrate

---

[5] Because Petitioner did not object to the challenged statements at the trial, the OCCA reviewed Petitioner's claim regarding prosecutorial misconduct for plain error. [Doc. No. 18-1] at 5.

Judge reviewed the statements of the prosecutor as well as those of defense counsel, finding "the prosecutor's statements during closing constituted a reasonable response to defense counsel's closing argument" wherein he referenced inconsistencies by the witnesses. [Doc. No. 24] at 17. Similar findings were made regarding whether the prosecutor improperly evoked sympathy. *See* [Doc. No. 24] at 19 (considering the responsiveness of the prosecutor's statements, the nature of the crimes, and mitigating jury instructions).

Thus, the Court finds nothing in the record to suggest that the OCCA or the Magistrate Judge did not consider the context of the entire trial when analyzing potential prosecutorial misconduct. The Court further agrees that the OCCA reasonably found the prosecutor's arguments did not amount to plain error, and thus did not violate Petitioner's due process rights. *Thornburg v. Mullin*, 422 F.3d 1113, 1124 (10th Cir. 2005) ("Oklahoma's plain-error test is rooted in due process" and there is "no practical distinction between [the OCCA's formulation] of plain error . . . and the federal due-process test . . . ."). Where the OCCA reasonably applies its plain error test, we must defer to its ruling. *Id.*

### III.   Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 24] is ADOPTED in its entirety, and the Petition [Doc. No. 1] is DENIED. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the Court finds that Petitioner has not made the requisite showing as to any of the grounds for relief raised. The Court therefore DENIES a COA. The denial shall be included in the judgment.

    IT IS SO ORDERED this 27th day of May, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE